UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Michael L. OVERTON,<br><br>        Plaintiff,<br><br>v.<br><br>R.J. DONOVAN CORR-FAC, et al.,<br><br>        Defendants. | Case No.: 25-cv-2924-AGS-VET<br><br>**ORDER DENYING MOTIONS (ECF 2, ECF 3) AND DISMISSING COMPLAINT** |

  Plaintiff Michael Overton, an inmate suing prison officials for civil-rights violations, has not paid the required filing fees. (*See* ECF 1.) But he filed his prison trust account statement (*see* ECF 2), which the Court interprets as a motion to proceed *in forma pauperis*, that is, without paying those fees. Due to his documented history of frivolous lawsuits, however, all his motions must be denied, and his complaint must be dismissed.

  Typically, parties instituting a civil action in a United States district court must prepay $405 in fees, including a $350 filing fee and a $55 administrative fee. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023). "An action may proceed despite failure to pay the filing fees only if the party is granted" leave to proceed *in forma pauperis* (IFP). *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners like Overton, however, cannot proceed IFP once they "have, while incarcerated, on 3 or more prior occasions had claims dismissed due to their frivolity, maliciousness, or failure to state a claim." *Tierney v. Kupers*, 128 F.3d 1310, 1312 (9th Cir. 1997) (cleaned up); *see also* 28 U.S.C. § 1915(g).

  "[T]he style of the dismissal or the procedural posture is immaterial" to the strike count because "the central question is whether the dismissal rang the PLRA [Prison Litigation Reform Act] bells of frivolous, malicious, or failure to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (cleaned up). Prior cases are considered strikes, then, "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*,

531 F.3d 1146, 1153 (9th Cir. 2008). Defendants typically carry the initial burden to produce evidence demonstrating a prisoner is not entitled to proceed IFP for having three strikes, but "in some instances, the district court docket may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." *Andrews v. King*, 398 F.3d 1113, 1120 (9th Cir. 2005).

This Court has recently found that Overton "has a decades-long history of filing frivolous suits." *Overton v. Warden, et al.*, Case No. 3:25-cv-2584-BTM-VET, 2025 WL 3560578, at *1–3 (S.D. Cal. Dec. 12, 2025) (listing twelve strikes); *see also United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980) (holding that "a court may take judicial notice of its own records in other cases, as well as the records of [different courts] in other cases"); Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.").

Nor does Overton meet the exception for "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g). Imminent danger requires a plausible allegation that harm is "ready to take place" or "hanging threateningly over one's head." *Andrews v. Cervantes*, 493 F.3d 1047, 1056 (9th Cir. 2007) (cleaned up). It "cannot be triggered solely by complaints of past injury or generalized fears of possible future harm," *Hernandez v. Williams*, No. 21-cv-347-MMA-KSC, 2021 WL 1317376, at *2 (S.D. Cal. Apr. 8, 2021) (cleaned up), or "overly speculative," fanciful," or "ridiculous" assertions, *Cervantes*, 493 F.3d at 1057, n.11.

Overton's complaint is based on what appears to be delusion: he claims prison officials have extracted his "very rare" and "black in color" "blood" with a "medium[-]sized alpha lathe machine" to conduct "biometric androidian" research and produce euphoria. (*See* ECF 1, at 2, 4–6.) Nothing in his pleading satisfies the "limited safety valve" exception "for [] prisoner[s] who ha[ve] exhausted [their] three strikes but nevertheless face[] imminent danger stemming from the violations of law alleged in [their] complaint[s]." *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022); *see also In re Gonzales*, No.

C 07-2373 MHP (PR), 2008 WL 666465, at *1–2 (N.D. Cal. Mar. 6, 2008) (finding prisoner's allegations of "genetic experiment[ation]," "poisoning," "radiation," and governmental monitoring "via a satellite from outer space" too "convoluted and delusional" to fit within § 1915(g)'s exception for imminent danger).

## CONCLUSION

Thus, all Overton's motions are **DENIED** as barred due to his many strikes under 28 U.S.C. § 1915(g). For failing to pay the required fees, this action is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to close this case. If plaintiff pays the full filing fee by **January 30, 2026**, the Clerk is ordered to reopen the case. If he does not pay the filing fee by that date, the Clerk must issue a judgment. The Court also "certifies in writing" that an *in forma pauperis* appeal of this Order would be frivolous and "not taken in good faith." *See* 28 U.S.C. § 1915(a)(3).

Dated: December 23, 2025

_____
Andrew G. Schopler
United States District Judge